

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 30, 1990

Mr. William D. Gooch
Director and Librarian
Texas State Library
Lorenzo De Zavala State
  Archives and Library Bldg.
Box 12927
Austin, Texas 78711

Opinion No. JM-1250

Re: Whether section 202.004(a) of the Local Government Code prohibits a local government from allowing its auditor or other independent contractor to remove public records to his office (RQ-2035)

Dear Mr. Gooch:

You ask for an interpretation of section 202.004 of the Local Government Code, which provides as follows:

> (a) <u>A local government record may not be sold or donated (except for the purposes of recycling), loaned, transferred, or otherwise passed out of the custody of a local government</u> to any private college or university, private museum or library, private organization of any type, or an individual, <u>except with the consent of the director and librarian and at the expiration of its retention period under the local government's records control schedule</u>.

> (b) Subsection (a) does not apply to a local government record that is temporarily transferred to a person for the purposes of microfilming, duplication, conversion to electronic media, restoration, or similar records management and preservation procedures if the transfer is authorized by the records management officer or custodian.

Local Gov't Code § 202.004 (emphasis added).

This provision is part of the Local Government Records Act, adopted by House Bill 1285 of the 71st Legislature and codified as chapters 201 through 205 of the Local Government

Code.  Acts 1989, 71st Leg., ch. 1248, § 1, at 4996.   House Bill 1285 was  designed to establish  uniform procedures  on the maintenance,  preservation,  and disposition  of  local government records and to  clarify and expand the  authority of  the  Texas  State Library  and Archives  Commission [hereinafter "the commission"] regarding them.  House  Comm. on State Affairs,  Bill Analysis, C.S.H.B.  1285, 71st  Leg. (1989).  The "director and librarian" referred to in section 202.004 is the executive  and administrative officer of  the commission.  Local Gov't Code § 201.003(4).

You are  concerned about  a local  government  contract with a private firm to  perform services, which might, as  a practical matter, require  the private firm  to move  public records to its offices.  You state, for example, that  local governments regularly contract  with private auditing  firms to audit  their payment  records to  detect overpayment  and fraud.  See, e.g.,  Local Gov't  Code §§  103.002 (audit  of municipal accounts by  outside auditor),  115.031 –  115.045 (independent audit of county finances).  It may be  impossible to conduct the audit in the governmental body's  offices because the work  would interfere with  routine business  or because it requires data processing equipment not  available in the offices  of the governmental  body.  You ask  whether section 202.004 prohibits local governments from temporarily moving documents to the  offices of an  audit firm or  other independent contractor for  the purpose of  carrying on  the business of the government.

Section 202.004(a) prevents  the local government  from selling or otherwise transferring records out of its custody prior to the  end of the  retention period.  This  provision does not  necessarily prohibit  the  temporary  removal  of records from the physical possession of the local government to another entity pursuant to appropriate controls.

"Custody" has a number of different meanings.  National Fire Ins. Co.  v. Davis, 179  S.W.2d 316 (Tex.  Civ. App.  – Eastland 1944, writ ref'd w.o.m.).  As applied to things, it means "to have in charge or safe-keeping, connotes  control, and includes  as well,  although it  does not  require,  the element of  physical or  manual possession."  Id. at  318 (quoting then 25 C.J.S. Custody at 70, now at 88-89).

Although "custody" is not defined in the Local  Government Records Act, it  is  used in  ways that  indicate  its meaning.  For example, records of permanent value not needed in the day-to-day  business of the  local government may  be transferred to  the custody  of  the commission  or  another

local government with appropriate storage facilities. Local Gov't Code § 203.049(a). When the records are transferred, "title and control of the records and all rights pertaining to the records granted by law to the original custodian" are vested in the commission or the local government that receives the records. Id. § 203.049(c). The "custodian" is defined as "the appointed or elected public officer who . . . is in charge of an office that creates or receives local government records." Id. § 201.003(2). Custody of the records changes from an officer to his successor when his term ends. Id. § 201.006.

The transfers referred to in section 202.004(a) are, in our opinion, transfers that relinquish control of and authority over the records. The bill analysis refers to this provision as a prohibition against "alienation" of records. House Comm. on State Affairs, supra. The transfers referred to in this provision could alienate, or transfer title of, the records from the governmental body to another entity. It is thus appropriate that such changes of custody occur only at the expiration of the records retention period and only with the consent of the director and librarian of the commission.

The prohibition on lending local government records to a college, university, or other entity, may reflect the legislature's determined intent to end a prior practice of loaning public records to such institutions. Other provisions of the Local Government Records Act address this issue.

A now repealed statute, formerly codified as article 260, V.T.C.S., provided as follows:

> County Commissioners and other custodians of public records are hereby authorized, in their discretion, to lend to the Library of the University of Texas, for such length of time and on such conditions as they may determine, such parts of their archives and records as have become mainly of historical value.

Acts 1921, 37th Leg., ch. 43, § 2, at 94; see also Educ. Code § 51.903 (authorizing custodians of public records to lend them to state supported institutions of higher education).

House Bill 1285 amended article 260 to apply to a "custodian of government records, except for a custodian of local government records," and recodified it as section 441.026 of the Government Code. Gov't Code § 441.026 (emphasis added). The same bill adopted a criminal penalty for a "private college or university, a private museum or library, a private organization of any other type, or an individual" that knowingly or intentionally acquires or possesses local government records. Local Gov't Code § 202.009(a).[1] Thus, the loan of public records was viewed as a problem to be addressed by House Bill 1285. This kind of transfer, while not intended to be permanent, removed the records from the control of the governmental body to the benefit of the recipient.

Accordingly, we read section 202.004(a) as not prohibiting a governmental body from temporarily moving records into a private firm's offices to use in performing services for the government, subject to the services being performed pursuant to a contract that provides for adequate control of access to and protection of the documents while they are physically located at the private firm's offices. Although subsection 202.004(b) reads as if it is an exception to subsection (a), it in fact deals with temporary transfers that would not in any case be a loan or alienation of records as prohibited by subsection (a). Subsection (b) makes it clear that records may be physically removed from the offices of the local government to carry out various records management and preservation procedures authorized elsewhere in the act. See Local Gov't Code chs. 204 (microfilming), 205 (conversion to electronic media).

Section 202.004 does not prohibit the temporary transfer of records you inquire about, nor does it expressly authorize it. We believe the governing body of the local government may authorize such transfers under the "active and continuing program for the efficient and economical management of all local government records" that it is required to establish. Local Gov't Code § 203.021(1). See also id. § 203.026 (records management program to be established by ordinance or order by January 1, 1991). It must also designate a records management officer to administer

---

1. We do not address any questions of interpreting this provision, which makes conduct by a private institution subject to Class A misdemeanor punishment.

the program.[2]  Id.  §§ 203.025, 203.026.   The custodian  of records is required to cooperate with the records management officer in carrying out records management procedures.   Id. § 201.003(2), 203.002.  Under this authority, the  governing body may establish procedures and conditions for the  temporary removal of public records from the physical  possession of the custodian to the  offices of a private firm  pursuant to a contract to perform services for the local government.

## S U M M A R Y

 Section 202.004 of the Local  Government Code neither  prohibits  nor  authorizes  the temporary removal of public records from  the physical possession of  the custodian to  the offices of  a  private  firm  pursuant  to  a contract to perform an audit or other services for  the local  government.  However,  the governing body may  establish procedures  and conditions  for  such  temporary  removal  of records in  the  program it  is  required  to establish pursuant to  section 203.021(1)  of the Local Government Code for the  "efficient and economical management"  of local  government records.

Very truly yours

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

---

 2.  An elected county officer is the records management officer for the records of  his office.  Local Gov't Code  § 203.001.

p. 6665

**RENEA HICKS**
Special Assistant Attorney General

**RICK GILPIN**
Chairman, Opinion Committee

**Prepared by Susan Garrison**
Assistant Attorney General